BENAVIDES, Circuit Judge,
concurring:
While I agree with the majority’s disposition of the instant case, I write separately to emphasize the recalcitrant behavior of the appellant and his utter failure, despite multiple opportunities, to provide the district court with any legal or factual support for the claim that his commissions were exempt from the court’s turnover order pursuant to state law.
The Texas Property Code explicitly addresses the collection of unpaid commission payments and provides: “Unpaid commissions for personal services not to exceed 25% of the aggregate limitations prescribed by Subsection (a) are exempt from seizure and *244 are included in the aggregate.” Tex. Prop. Code § 42.001(d) (Vernon Supp.1997). Sub- ■■ section (a), in turn, provides that the personal property exemption has an aggregate limit of $60,000 in fair market value for a family and $30,000 in fair market value for a single adult. See id. § 42.001(a). In combination, these provisions make clear that some, but not all, commissions are exempt from seizure pursuant to Texas law. Whether and -to what extent a particular commission payment is exempt under the statute turns on the amount of the commission and the familial status of the individual claiming' the - exemption.
Despite a potentially meritorious legal claim under Texas law, the appellant failed to provide any information in response to the district court’s April 11 deadline, arguing instead that the court’s turnover order was unenforceable. Similarly, the appellant failed to provide any evidentiary support for his position at the October 30 contempt hearing, relying on his counsel’s argument that “[a]ny commissions would be considered wages in accordance with Texas Civil Practice and Remedies Code § 31.0025.” Never did the appellant refer the district court to the relevant statutory provision. Nor did he provide any affirmative evidence regarding his familial status or the amounts of the accounts receivable on his commissions. Under these circumstances, I agree that the district court did not abuse its discretion in concluding that the appellant failed to establish that his commissions were exempt from seizure under Texas law.